## Commonwealth v. Sheaffer

*Richard M. Martin,* Assistant District Attorney, for Commonwealth.

*Menno B. Rohrer,* for defendant.

WISSLER, P. J., April 6, 1956.—Defendant, Edwin Sheaffer, Jr., was indicted for operating his motor vehicle on October 16, 1955, which was after his operating privilege had been suspended and before his operating privilege had been reinstated, contrary to section 620 (*h*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §231, and was found guilty. Defendant rested his case without offering any testimony and demurred to the evidence and likewise asked for a directed verdict of not guilty. The court overruled both the motion and the demurrer.

Defendant in his motion for arrest of judgment states: "The evidence of the Commonwealth was that the defendant's operating privilege and license was suspended for failure to maintain proof of financial responsibility under the provisions of the Act of General Assembly of June 1, 1945, P. L. 1340 which constitutes a separate Act of Assembly from The Vehicle Code, Act of 1929, P. L. 905. Defendant was charged in the indictment with the violation of Section 620 (*h*) of Article VI of the Motor Vehicle Code when in fact the evidence showed a violation of Section 32 of the Act of June 1, 1945, P. L. 1340."

The gravamen of defendant's contention is that the Commonwealth should have proceeded under the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340, 75 PS §1277.1, rather than under section 620 (*h*) of The Vehicle Code, supra.

Section 620 (*h*) of the original Vehicle Code simply made it unlawful to operate any motor vehicle upon the highways of this Commonwealth after operating privileges were suspended or revoked. The legislature, in the Act of June 29, 1937, P. L. 2329, section 1,

amended said section in the original act so as to read as follows: "It shall be unlawful for any person to commit any of the following acts: . . . (h) To operate any motor vehicle or tractor upon the highways of this Commonwealth, after the operating privilege is suspended or revoked, and before such operating privilege has been reinstated." It, therefore, follows that after the operating privilege is suspended or revoked it must be restored or reinstated before an operator may drive a motor vehicle without violating the above quoted section 620(h) : Commonwealth v. Gernert, 33 D. & C. 620; Commonwealth v. Matecko, 71 D. & C. 563.

The Motor Vehicle Safety Responsibility Act of May 15, 1933, P. L. 553, sec. 7, as amended, 75 PS §1277.1, provides, inter alia, that whenever the Secretary of Revenue shall revoke or suspend the operating privilege, he may require the holder of the license or operating privilege to furnish proof of financial responsibility before such operator's privilege shall be renewed or reinstated. It should be noted that the amended act was passed at the same session of the legislature at which section 620(h), as above quoted, was passed. A violation of either of these acts is made a misdemeanor and the penalties are practically the same. There is no conflict in either of these provisions. By the Motor Vehicle Safety Responsibility Act the Secretary of Revenue was given the right to require proof of financial responsibility before reinstating the operating privilege and, according to the undisputed facts, defendant's operating privilege was suspended August 25, 1955, for an indefinite period under the Motor Vehicle Safety Responsibility Act and was restored to defendant on October 18, 1955, which was two days after the alleged violation in the indictment.

Under the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552, the court is to be guided by the presumption that the legis-

.lature does not intend a result that is absurd, impossible of execution or unreasonable and that the legislature intends to favor the public interest as against any private interest.

The court is of the opinion that the legislature in amending section 620 (*h*) intended that any one operating a motor vehicle after his operating privilege had been suspended or revoked and before such operating privilege has been reinstated should be guilty of a misdemeanor regardless of whether an application to furnish proof of financial responsibility was pending. A license to operate an automobile upon the highways of the Commonwealth is but a privilege and not a property right and it was the purpose of the legislature to prevent any one from so operating until such privilege was restored by the Secretary of Revenue.

And now, April 6, 1956, for the foregoing reasons the court overrules the demurrer and dismisses the motion in arrest of judgment.